UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-23189-ALTMAN/Reid

MCM ENTERTAINMENT INC, *et al.*,

Plaintiffs,

v.

DIAZ WORLD TRADE GROUP, INC., *et al.*,

Defendants.
_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFFS' MOTION FOR ENTRY OF TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION, AND ORDER RESTRAINING TRANSFER OF ASSETS
AND APPOINTMENT OF RECEIVER**

This cause is before the Court on Plaintiffs' Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets and Appointment of Receiver ("Motion"). [ECF No. 19]. For the reasons discussed below, it is **RECOMMENDED** that Plaintiff's Motion be **DENIED** without prejudice.

**I. Background**

This is an action for trademark infringement and unfair competition arising under §§ 1114 and 1125 of the Trademark Act of July 5, 1946, commonly known as the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*; and the laws of the State of Florida. [ECF No. 1]. Plaintiffs claim they own trademarks for shapewear, clothing, books, videos, skin and hair products. They also claim through specific agreements as a licensor they licensed to Defendants limited rights to use the trademarks for specific purposes, which include manufacturing and distributing Plaintiffs' products.

Defendants filed an Answer, Affirmative Defenses and Counterclaim against the Plaintiff. [ECF No. 13]. What is in dispute is the ownership of the trademarks and the ownership of the inventory that remained in Defendants' warehouse after the Parties' business relationship ended. [ECF Nos. 1, 13].

## II. Legal Standards

To obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the nonmovant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case). Additionally, a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

"A district court may convert a hearing for a temporary restraining order into a hearing for a preliminary injunction as long as the adverse party had notice of the hearing." *Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 n.3 (11th Cir. 2003). In

any event, a party must show the same factors in order to obtain preliminary injunctive relief. *Schiavo*, 403 F.3d at 1225–26 (11th Cir. 2005).

Receivership appointment is an extraordinary remedy. Factors courts have considered relevant to establishing the need for a receivership include: "fraudulent conduct on the part of defendant; the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered; the inadequacy of the available legal remedies; the probability that harm to plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; and, in more general terms, plaintiff's probable success in the action and the possibility of irreparable injury to his interests in the property." 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2983 (3d ed. 2022 update).

### III. Discussion

At the hearing on the Motion, the Undersigned extended the Order entered on March 31, 2023, which commanded Defendants not to dispose of, sell, destroy, or remove from the warehouse in which they are presently located, any of the products in dispute in this case. [ECF No. 45]. Also, at the hearing on the Motion, the Undersigned ordered Defendants to permit Plaintiffs to complete its review and inventory of the disputed products. The Parties agreed that the review and inventory may be conducted from May 1, 2023, to May 5, 2023, until completed.

Plaintiffs agreed at the hearing on the Motion that because the Court has entered an order requiring Defendants to preserve the products in dispute in the case and requiring Defendants to comply with Plaintiffs' request to inspect and inventory the products, Plaintiffs' Motion is premature. Moreover, Defendants maintain they have not disposed of or destroyed the disputed products and have stopped manufacturing, selling, and distributing them. [ECF No. 22]. They also maintain they are not using the trademarks and do not advertise as owners of the trademarks. [*Id.*].

Plaintiffs will be conducting an inventory of the disputed products as well as further discovery in the case. Having reviewed the pleadings, heard the arguments of the parties, and in light of the said rulings, the Undersigned recommends that Plaintiffs' Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets and Appointment of Receiver [ECF No. 19] be **DENIED** without prejudice.

Objections to this Report may be filed with the district judge within five days of receipt of a copy of the Report. The objection period has been shortened because both parties agreed at the hearing to this resolution of the issue. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F. 3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 7th day of April 2023.

_____
**LISETTE M. REID**
**UNITED STATES MAGISTRATE JUDGE**

**cc: All Counsel of Record**