UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-23189-ALTMAN/Reid

**MCM ENTERTAINMENT, INC**, *et al.*,

    *Plaintiffs*,

v.

**DIAZ WORLD TRADE GROUP, INC.**, *et al.*,

    *Defendants*.

_____/

## ORDER

On November 16, 2022, the Plaintiffs filed a Motion for Entry of a Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets and an Appointment of a Receiver [ECF No. 19] (the "Motion"). The Defendants responded to the Motion on December 2, 2022. *See* the Defendants' Response to the Plaintiffs' Motion [ECF No. 22]. We referred the Motion to Magistrate Judge Lisette M. Reid, *see* Order Referring Motion to Magistrate Judge [ECF No. 29], who recommended that we deny the Motion without prejudice because the parties "agreed at the hearing to this resolution of the issue." *See* Report and Recommendation [ECF No. 48] (the "R&R") at 4. Magistrate Judge Reid also warned the parties that:

> Objections to this Report may be filed with the district judge within five days of receipt of a copy of the Report. The objection period has been shortened because both partis agreed at the hearing to this resolution of the issue. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's 'right to challenge on appeal the District Court's order based on unobjected-to- factual and legal conclusions.' 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

*Ibid.*

Both parties have since filed notices, informing us that they don't object to the R&R. *See* Plaintiffs' Notice of No Objection to Magistrate's Report and Recommendation [ECF No. 57]; *see also*

Defendants' Notice to the Court of No Objection to Magistrate Judge Lisette M. Reid's Report and Recommendation [ECF No. 56].

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo.* FED. R. CIV. P. 72(b)(3). But, when no party has objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress' intent was to require *de novo* review only where objections have been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

We've reviewed the R&R, the record, and the applicable law and find no clear error on the face of the R&R. Accordingly, we hereby **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 48] is **ACCEPTED and ADOPTED**.

2. The Plaintiff's Motion [ECF No. 19] is **DENIED without prejudice**.

**DONE AND ORDERED** in the Southern District of Florida on April 11, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record