UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-cv-23189-GAYLES/TORRES

MCM ENTERTAINMENT, INC.,
MARIA CLAUDIA MOLINA, and
LUNAMAR WELLNESS GROUP, LLC.,

    Plaintiffs/Counter-Defendants,
v.

DIAZ WORLD TRADE GROUP, INC.
and MARCO DIAZ,

    Defendant/Counter-Plaintiffs.
_____/

## ORDER

**THIS CAUSE** comes before the Court on the parties' motions for partial summary judgment as well as Defendants' motion for leave to amend their counterclaims and affirmative defenses. [ECF Nos. 138, 140, 191]. The action was referred to Chief Magistrate Judge Edwin Torres, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 118]. On May 22, 2024, Judge Torres issued his omnibus report recommending that the motions for summary judgment be granted in part and denied in part and that Defendants' motion for leave be denied (the "Report"). [ECF No. 167]. Defendants timely filed their objections to the Report on June 6, 2024. [ECF No. 175]. Plaintiffs did not file any objections.

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see*

*also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In his Report, Judge Torres recommends that the Defendants' Motion for Partial Summary Judgment should be granted as to Counts I, III, VII, XIII, XV, and XVII. With regard to Plaintiffs' Motion for Partial Summary Judgment, Judge Torres recommends that the Motion should be granted as to Defense 3, Defense 5, and Defense 12 and that the Court should strike the PELAZO-based defenses (Defenses 8 and 15) as "immaterial." [ECF No. 208 at 45]. Finally, Judge Torres denied Defendants' Motion for leave to amend their pleadings.

Defendants only object to the portions of the Report which reject their defenses premised on the existence of an implied entity as well as the denial of Defendants' Motion for Leave to Amend.[1] After a *de novo* review, the Court agrees with Judge Torres's well-reasoned analysis and conclusion that the Plaintiffs' Motions for Partial Summary Judgment should be granted in part and denied in part and that the Motion for leave to amend should be denied. Additionally, having reviewed the portion of the Report as it relates to Defendants' Motion for Partial Summary Judgment for clear error, the Court agrees with Judge Torres's well-reasoned analysis and finding that

---

[1] Defendants do not identify the specific recommendation they object to and simply attempt to rehash arguments already rejected by Judge Torres. Both warrant the overruling of Defendants' objections. As to the implied entity theory, their objections solely state that Judge Torres's determination "adversely affects both DWTG's defenses and counterclaim." [ECF No. 212 at 4]. Defendants fail to identify the particular defenses impacted by Judge Torres's determination. Moreover, Defendants already raised these arguments in their Response to Plaintiffs' Motion for Partial Summary Judgment. Both render Defendants' objections improper and warrant their overruling. *See Schader v. Comm'r of Soc. Sec.*, No. 19-62805-CIV, 2021 WL 1084572, at *3 (S.D. Fla. Mar. 22, 2021) (overruling "generalized objections" and those that "are nothing more than a rehashing of the same arguments"). Despite being improper, given the extensive briefing provided by both parties and given the interrelated nature of Judge Torres's findings, and for the sake of completeness, the Court will proceed with a *de novo* review of all objections.

2

Defendants' motion should be granted in part and denied in part. Defendants' request for a hearing is denied.

## CONCLUSION

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1)   Judge Torres's Report and Recommendation, [ECF No. 208], is **ADOPTED in full**;

(2)   Plaintiffs' Motion for Partial Summary Judgment [ECF No. 138] is **GRANTED in part and DENIED in part**;

(3)   Defendants' Motion for Partial Summary Judgment [ECF No. 140] is **GRANTED in part and DENIED in part**;

(4)   Defendants' Motion for Leave to Amend Their Affirmative Defenses and Counterclaim [ECF No. 191] is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 17th day of July, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE