IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-cv-23189-DPG

MCM ENTERTAINMENT, INC.,
MARIA CLAUDIA MOLINA, and
LUNAMAR WELLNESS GROUP,
LLC.,

      Plaintiffs/ Counter-Defendant,

v.

DIAZ WORLD TRADE GROUP, INC.,
and MARCO DIAZ, Individually,

      Defendants/ Counter-Plaintiff.

_____/

**DEFENDANTS/COUNTER-PLAINTIFFS
MOTION FOR RECONSIDERATION AND/OR CLARIFICATION
AND INCORPORATED MEMORANDUM OF LAW**

Defendant Diaz World Trade Group, Inc., by and through its undersigned counsel, respectfully moves this Court for Reconsideration of this Court's Order Adopting the Report and Recommendation pursuant to Federal Rules of Civil Procedure Rule 52, Rule 59, and/or Rule 60 and in support states as follow:

On May 22, 2024, Chief United States Magistrate Judge Edwin Torres issued the Omnibus Report and Recommendation. ECF No. 208. The Report and Recommendation addressed the parties' respective motions for partial summary judgment (ECF No. 138 and 140) as well as Counter-Plaintiff, DWTG's, Motion for Leave to Amend (ECF No. 191).

On June 6, 2024, Defendant DWTG filed its various objections to the Report and Recommendation as it related to the Magistrate Court's recommendation on Plaintiffs/Counter-Defendants Motion for Partial Summary Judgment, Defendant/Counter-Plaintiff DWTG. ECF No. 212 (noting that the Court's Order cites ECF No 175, which is the objection to the Report and

Recommendation relating to the Motion to Dismiss Order and not the Summary Judgment Order). DWTG's relevant Objection is identified in ECF 212. A review of this Court's order appears to reflect that certain arguments made in ECF 212 were not reviewed, which would warrant reconsideration without needing to reach merit argument. Notwithstanding, DWTG seeks reconsideration and/or clarification of issues of fact and law that would naturally flow from DWTG's arguments presented in its Objection to Report and Recommendation [ECF 212]. Plaintiffs did not raise any objections.

DWTG's Objections included that the Report and Recommendation adjudicated the underlying issue of fact relating to the business relationship between the parties despite genuine issue of fact existing. The Report and Recommendation also dismisses various affirmative defenses that would directly and indirectly relate to genuine issues raised by Defendant/Counter-Plaintiff as it relates to the business relationship of the parties.

As further effect of such a legal and factual determination, the Report and Recommendation summarily denies Counter-Plaintiff DWTG leave to assert its rightful claims, including those that are completely *independent* from DWTG's theory of an implied joint venture/partnership.

Defendant/Counter-Plaintiff DWTG raise the instant objections subject to the Report and Recommendation also striking/dismissing/adjudicating various claims by Plaintiff which have in turn, rendered certain defenses by Defendant "moot" or otherwise irrelevant. For instance, the Report and Recommendation correctly recognizes that Plaintiffs do not have a proper *trademark infringement/dilution claim* but may have an *unfair competition* claim as it solely applies to purported sales of "Sexy Locker" shapewear. As such, Defendant's various affirmative defenses that relate to trademark ownership/rights, independent from a *joint venture/parentship theory,* become irrelevant.

However, as outlined below, several matters remained unaddressed or otherwise subject to reconsideration/clarification.

## Incorporated Memorandum of Law

Rule 52(b) and Rule 59(e)

Federal Rule of Civil Procedure 52(b) states that "the court may amend its findings--or make additional findings--and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). Similarly, Rule 59(e) states that, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Wendy's Int'l, Inc. v. Nu-Cape Const., Inc., 169 F.R.D. 680, 685 (M.D. Fla. 1996); see also Campero USA Corp. v. ADS Foodservice, LLC, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012) ("A motion for reconsideration is an extraordinary remedy to be employed sparingly.").

 "[C]ourts have delineated three major grounds justifying reconsideration:

(1) an intervening change in controlling law;

(2) the availability of new evidence; and

(3) the need to correct clear error or prevent manifest injustice."

*Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *see also Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).

A motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton*, LLP, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)) (quotation marks omitted). Motions under Rule 52(b) and 59(e) cannot, however, be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007); *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)); *Perez v. Renaissance Arts & Educ, Inc.*, No. 8:12-cv-514-T-MAP, 2014 WL 408334, at *1 (M.D. Fla. Feb. 3, 2014).

Rule 60(b)

Under Rule 60(b), a party may "seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *In re Yulin Ma*, 346 F. App'x 436, 439 (11th Cir. 2009); see also Fed. R. Civ. P. 60(b).

"The first five provisions of Rule 60(b) provide relief in specific circumstances, including in the event of mistake, fraud, or newly discovered evidence. Rule 60(b)(6) provides a catch-all, authorizing a court to grant relief from a judgment for 'any other reason that justifies relief'" *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (quoting Fed. R. Civ. P. 60(b)(6)). "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)).

Thus, a movant seeking relief under Rule 60(b) "must demonstrate a justification so compelling that the [district] court was required to vacate its order." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (per curiam) (quoting *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115

(11th Cir. 1993)). In any event, whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Aldana*, 741 F.3d at 1355 (quoting *Cano*, 435 F.3d at 1342).

Here, the face of this Court's Order identifies the main concern for Defendant: Defendants did not "only" object to the portions of the report disputing the existence of an implied entity and therefore, several of the objections raised were not specifically addressed by the Court. *See generally* ECF 235.

Defendant does not attempt to *rehash* arguments previously presented regarding the applicable law on an *implied* understanding between the parties since this Court adopted the Magistrate's Report and Recommendation that the statute of frauds bars such implied theories[1]. Defendant only seeks to preserve issues that the Chief Magistrate, and respectfully this Court, may have overlooked that there were at least some writings between the parties which Plaintiffs own response to the objection identified but disputed the interpretations. In addition, the scope of the *entire* business relationship between the parties may have been misapprehended. For example, Plaintiffs entire claim is premised on their understanding that the April 7, 2018, Agreement, which specifically identified **only** shapewear and sportswear, and undeniably expired on October 7, 2020, without extension, ***somehow*** was extended beyond the specific integration clause and that ***somehow*** became what Plaintiffs coin this agreement the "*Main Agreement*" between the parties. Plaintiffs have pushed this narrative despite nothing in writing existing to such effect. In other words, the "*Main Agreement*" is Plaintiffs own version of an ***implied agreement,*** a theory this Court has ruled as invalid when not reduced to writing. Because there are competing theories of what happened between the parties *after* the expiration of the extremely specific written

---

[1] Over objection and dispute by DWTG that although *implied theories* are valid, there were in fact agreements and or other written understandings, including but not limited to MCM's own *Joint Venture Agreement* which was presented to DWTG as a memorialization of their ongoing business since they had "been out of contract" per Claudia Molina's own testimony.

agreements – which do not even cover *all* product and/or services the parties ended up engaging in – this Court respectfully should have permitted the issue to be determined by a finder of fact. Alternatively, this Court should bar Plaintiff's theory for relief based on the same legal principle of an "implied" entity or extension, instead of unilaterally applying a complete bar to DWTG's theory.

Notwithstanding the issue of DWTG's implied theory of partnership and/or joint venture agreements, DWTG's relief to amend both its Counterclaim and its Affirmative Defense have been summarily denied without explanation, despite the Motion for Leave seeking amendment on grounds *beyond and entirely separate from* an implied theory of joint venture/partnership.

For example, DWTG's objection specifically sought to address the alternative claim of unjust enrichment for the "RETOs," which could not be barred by the Statute of Frauds and were never encompassed in any of the *written agreements* which would have been expired anyway.

DWTG's leave request to seek *alternative* and *corollary* matters – which existed since DWTG's first complaint [*see,* ECF No. 13 at Count I, VI, IX and X] – apparently got swept into the implied theories analysis and were summarily denied, despite the fact that this Court's ruling on the Motion to Dismiss was a dismissal without prejudice and not on the merits because the Counterclaim was a *shotgun pleading*.[2]

As specifically identified in DWTG's objection, at a minimum, 1) the claim for declaratory relief regarding the ownership rights of the various products, 2) the unjust enrichment claim against MCM relating to all matters outside of any agreement, including but not limited to the RETO's, and, 3) FDUTPA and Fraud in the Inducement for the deceptive practices by MCM  and Molina including but not limited to the trickery to have DWTG sign the agreement under false premise,

---

[2] Plaintiffs challenge to Second Amended Counterclaim [ECF 84] was that the parties were not separated in the various counts.

i.e. titled "licensing agreements" but actually were profit/loss share agreements and 4) breach of fiduciary duty, even under a licensing agreement relation theory should have survived any issue this Court took with the implied partnership theory.

Neither the Chief Magistrate nor this Court addressed these specific issues on the merits. Rather, Chief Magistrate recommended for the leave request to be denied based on futility – which should not apply as these particular claims do not hinge on the implied theories - and timing, which also should and cannot not be applicable given that 1) the claims have existed since DWTG's first complaint and the parties engaged in extensive discovery regarding the claims[3], and 2) a party has a right to amend to conform to the pleadings as long as there is no undue delay, bad faith, dilatory motive or repeated failure, none of which occurred here. FED. R. CIV. P. 15(a)(2); *see also,* Perez Ramones v. AR Res., Inc., 19-62949-CIV, 2021 WL 247999, at *3 (S.D. Fla. Jan. 7, 2021), aff'd sub nom); *Huisman v. United States*, 8:08-CV-1074-T-26EAJ, 2010 WL 11507831, at *1 (M.D. Fla. Feb. 19, 2010) (recognizing leave to amend claims and defenses to conform to the evidence, "at any time, even after judgment"). As per the Report and Recommendation, beyond futility, the issue was "undue delay" which cannot be claimed against DWTG since all of DWTG's actions have been timely from the entry of any Court ruling and/or order.[4]

It bears repeating the July 11, 2023, Motion to Dismiss [ECF 89] and the June 22, 2023, Motion to Strike [ECF 86] were first addressed by the Magistrate Court on January 20, 2024, [ECF 167] and ruled upon by this Court on February 27, 2024 [ECF 182] in which this Court recognized the dismissals could not be with prejudice as the issues were procedural. By this time, the trial was not "imminent." Now, the effect of this Court's recent, July 17, 2024, [ECF 235] Order adopting

---

[3] Plaintiffs' own expert report and rebuttal report specifical identify the claims brought by DWTG and provide detail analysis on the claims.

[4] Noting that the leave request followed shortly after the order on the motion to dismiss.

the recommendation to deny the leave request is that the February 27, 2024, dismissal orders were in fact *with prejudice*, creating a manifest injustice.

Separate from the affirmative claims, this Court adopted the denial of leave to assert *affirmative defenses,* claiming that DWTG blanketly raised issue that the ruling "adversely affects both DWTG's defenses and counterclaims." This is a harsh review of DWTG's objection, particularly given that the Report and Recommendation did not even address the leave to amend affirmative defenses in detail. This also further demonstrates why a request for hearing was made.

As a brief background, DWTG's affirmative defenses were dismissed, based on insufficient pleadings, not on the merits, therefore providing leave to amend. Such prompted leave to amend was timely *after* a ruling from this Court. Again, it would appear that the analysis for granting or denying leave relating to the affirmative defenses was mixed with the rejection of the implied theory, despite no analysis by either the Magistrate Court or this Court. Admittedly, several of the affirmative defenses related to the implication of an implied partnership/venture, but other affirmative defenses, such as consent and acquiescence, fraudulent obtained trademarks (separate from issue of implied theories), general ratification conduct[5] by MCM/Molina for alleged breach of contract, are proper defenses which now may not be unavailable due to the denial of the motion for leave. *See,* ECF 191-2. Plaintiffs made sure to object to certain jury instructions based on the denial of the leave request to amend.

In sum, while DWTG respectfully disagrees with the summary denial of its implied theory claims, other objections were raised and should have been reviewed and considered before the

---

[5] The Summary judgment report and recommendation reviewed and addressed the original affirmative defenses and what remained following the motion to strike, and not necessarily the proposed amendments. As an example, Amended Defense No 1 - consent and acquiescence, is nowhere addressed in the Report and Recommendation on summary judgment. *See* ECF 191-2 comp w. ECF 208. However, the denial of the motion for leave does not have a separate analysis of why this amended affirmative defense would be insufficient.

general adoption of the report and recommendation. This includes DWTG's alternative and/or corollary claims, irrespective of the implied theory such as declaratory relief, unjust enrichment, and FDUTPA/fraud in the inducement.

In addition, DWTG should have been permitted leave to amend its affirmative defenses that did not solely flow from an implied theory as there was no undue delay or prejudice to Plaintiffs who had been proceeding with defending the case and engaging in extensive discovery and expert analysis regarding the same.

## Certificate of Good Faith Conferral

The undersigned counsel hereby certifies that pursuant to Local Rule 7.1(a)(3), has reached out to Plaintiffs' counsel Mr. William R. Trueba, Esq. numerous times via email to inquire whether he opposes the relief requested herein. However, as of the filing of this motion, Plaintiffs' counsel have not provided a specific response other than Plaintiff would need further review of the exact relief sought. It is the undersigned position that Plaintiff will most likely oppose the relief.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed and served with the Clerk of Court and on all counsel of record via CM/ECF on this 23rd day of July 2024.

Respectfully submitted,

/s/Matthew Carcano
**Matthew Carcano, Esq.**
Florida Bar Number: 124327
Attorney for Defendants/Counterclaim Plaintiffs
Saltiel Law Group
201 Alhambra Circle, Suite 1050
Coral Gables, Florida 33134
Phone: 305-735-6565
Fax: 305-390-1655
Email(s): Service@SaltielLawGroup.com