IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-cv-23189-GAYLES/TORRES

MCM ENTERTAINMENT, INC.,
MARIA CLAUDIA MOLINA, and
LUNAMAR WELLNESS GROUP,
LLC.,

      Plaintiffs,

v.

DIAZ WORLD TRADE GROUP, INC.
and MARCO DIAZ, Individually,

      Defendants.

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR RECONSIDERATION AND/OR CLARIFICATION
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, MCM Entertainment, Inc. ("MCM"), Maria Claudia Molina ("Ms. Molina"), and

Lunamar Wellness Group, LLC ("Lunamar") (collectively, "Plaintiffs"), by and through their

undersigned counsel and pursuant to Local Rule 7.1, hereby submit their response to Defendants,

Diaz World Trade Group, Inc. ("DWTG") and Marco Diaz ("Mr. Diaz") (collectively,

"Defendants"), Motion for Reconsideration and/or Clarification [D.E. 239] ("Motion for

Reconsideration") to this Court's Order adopting [D.E. 235] the Omnibus Report and

Recommendation [D.E. 208] ("R & R"), and state as follows:

I.     **INTRODUCTION**

Defendants' Motion for Reconsideration should be summarily denied, because (1) it does

not meet any of the criteria required for reconsideration, and (2) does not specify with any detail

or analysis, what the Court purportedly failed to "consider" in the first instance. Moreover,

Defendants' Motion for Reconsideration contains several inaccurate statements belied by documents already in the Court record. Other than unreasonably and vexatiously prolonging this litigation further, Defendants' inaccurate statements serve no purpose.

## II.      DEFENDANTS RETREAD THE SAME GROUND.

Defendants once again attempt to *rehash* broad-based arguments previously presented in their "Objection to Omnibus Report and Recommendation" [D.E. 212] but without providing specific examples of where the Defendants' state a plausible cause of action and the Court considered that purported cause of action and somehow overlooked or misconstrued their purported claim. Given the extensive briefing previously presented to the Court by both parties, it stands to reason that Defendants would have specifically pointed out where the Court purportedly missed something – for example, by referencing the R & R by page number, or Defendants' prior brief by page number. Instead, Defendants' Motion for Reconsideration amounts to numerous prior generalized arguments referencing their purported entitlement to revenues from "Retos," an implied partnership, agreements signed by the parties and an alleged joint venture, thereby rendering Defendants' motion improper. *See Schader v. Comm'r of Soc. Sec.,* No. 19-62805-CIV, 2021 WL 1084572, at *3 (S.D. Fla. Mar. 22, 2021) (overruling "generalized objections" and those that "are nothing more than a rehashing of the same arguments"). Defendants continue to provide the Court with broad-brushed contentions yet present no evidence to support their  theories, nor do they specifically point out (because they cannot) how they are entitled to Plaintiffs' business either through Retos, an implied partnership, agreements or joint venture.

One prominent example from Defendants' Motion for Reconsideration of not only being factually inaccurate, but also lacking in any substantive analysis, is Defendants' contention that this Court "summarily denies Counter-Plaintiff DWTG leave to assert its rightful claims, including

those that are completely *independent* from DWTG's theory of an implied joint venture/partnership." Motion for Reconsideration, p. 2 [DE 239]; *see also* ("…DWTG's relief to amend both its Counterclaim and its Affirmative Defense have been summarily denied without explanation, despite the Motion for Leave seeking amendment on grounds *beyond and entirely separate from* an implied theory of joint venture/partnership." *Id.* at p. 6). Contrary to the Defendants' statements, the Court not only considered these claims, but explained why they were futile. Specifically, the Court explained that " Defendants' proposed counterclaims rely on the existence of an implied partnership (or joint venture) that has allegedly existed since 2015. As we discussed above, it is legally untenable for Defendants to maintain that the parties have been in an implied partnership or joint venture since 2015 because this allegation runs afoul of Florida's statute of frauds and contra to the written agreements entered into by the parties." R & R, p. 49 [D.E. 208]. Defendants' Motion for Reconsideration lacks any analysis on this point and instead resorts to denying that their proposed Third Amended Counterclaim "do not hinge on the implied theories." Motion for Reconsideration, p. 7.

The reality is that the proposed Third Amended Counterclaim includes six counts, all of which rely on an implied entity theory. The counts in Defendants' proposed Third Amended Counterclaim [D.E. 191-1] were similar to those in the Second Amended Counterclaim (with some changed tactical verbiage added), but nevertheless rely on the purported existence of an implied entity. *See* [Proposed] Third Amended Complaint, p. 4, under the general allegations, titled "The Joint Venture/Partnership", paragraphs 20-36, and the section titled "The Expansion of the Joint Venture/Partnership," paragraphs 37-58. Defendants' allegations expressly state that "[i]n 2018, DIAZ and MOLINA entered various oral agreements as part of the ongoing joint venture/partnership."[D.E. 191-1, p. 7, ¶37]. Defendants continue with: "DIAZ and MOLINA

3

discussed further expansions moving forward since the party's [sic] joint venture and/or partnership continued to be successful." *Id.* ¶38. Defendants incorporate additional, general allegations referencing the implied joint venture or partnership – all of which are subsumed into Defendants' proposed six counterclaims:

> Count I – Breach of Implied Partnership (DWTG against MCM);
> Count II – Breach of [implied] Joint Venture Agreement – alternative pleading (DWTG against MCM);
> Count III – Unjust Enrichment – alternative pleading (DWTG against MCM);
> Count IV – Breach of Fiduciary Duties – (DIAZ against Molina);
> Count V – Fraud in the Inducement – alternative pleading (DWTG and DIAZ against Molina);
> Count VI – Declaratory Relief (DWTG and DIAZ against Molina, MCM, Lunamar);

All six of these proposed counterclaims "re-allege and re-incorporate the allegations set forth in paragraphs 1 through 80," including the 39 general-allegation paragraphs dedicated to describing the implied "Joint Venture/Partnership."  Yet, Defendants' Motion for Reconsideration omits any analysis as to why this Court should ignore Defendants' foregoing allegations.  Notably, none of Defendants' proposed counterclaims excluded the allegations of the implied entity. Defendants unjustifiably complain that the Court did not address their illusory non-implied entity theory, but Defendants themselves fail to provide any analysis whatsoever on why the Court's rationale that the Florida Statute of Frauds bars their claims - should not apply here – especially when it is clear by Defendants' allegations that the parties' business relationship contemplated a relationship that took well over the one-year period under the statute.

Defendants' Motion for Reconsideration alleges that this Court failed to review certain issues and arguments made by Defendants in their prior motions and therefore merit reconsideration. This is simply untrue. This Court painstakingly conducted an extensive and thorough review of the record and procedural history of this case as outlined in its 51-page

Omnibus Report and Recommendation [D.E. 208]. *See Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 687 F. Supp. 2d 1322, 1324 (S.D. Fla. 2009) ("A motion for reconsideration should not be used to reiterate arguments already made or to ask the Court to rethink what the Court . . . already thought through.").By way of example, Defendants complain that "DWTG's objection specifically sought to address the alternative claim of unjust enrichment for the 'RETOs,' which could not be barred by the Statute of Frauds and were never encompassed in any of the *written agreements* which would have been expired anyway." [D.E. 239, p.6]. Defendants double down and then brazenly state that "DWTG's leave request to seek *alternative* and *corollary* matters – which existed since DWTG's first complaint [*see,* ECF No. 13 at Count I, VI, IX and X] – apparently got swept into the implied theories analysis and were summarily denied…" *Id.* Defendants then further criticize the Court for what they erroneously view as the Court failing to address their theories of relief:

> "Neither the Chief Magistrate nor this Court addressed these specific issues on the merits. Rather, Chief Magistrate recommended for the leave request to be denied based on futility – which should not apply as these particular claims do not hinge on the implied theories - and timing, which also should and cannot not be applicable given that 1) the claims have existed since DWTG's first complaint and the parties engaged in extensive discovery regarding the claims, and 2) a party has a right to amend to conform to the pleadings as long as there is no undue delay, bad faith, dilatory motive or repeated failure, none of which occurred here."

*Id.* at p. 7.  However, Defendants' protests wholly ignore that all six of their proposed "particular claims" do indeed *hinge* on the implied theories, as already demonstrated *supra* and as already addressed by the Court in its R & R, adopted in whole by the District Court Judge. Defendants had many months to address their faulty pleading and when the Court provided them an opportunity to seek leave, Defendants proposed a six-count complaint *entirely hinged* on their implied theory. Remarkably, Defendants ignore this salient fact and tell this Court otherwise. Thus, Defendants'

inexplicable complaint that this Court has not afforded them an opportunity to assert counterclaims is beyond the pale. Accordingly, Defendants should not be permitted to *rehash* these issues and Defendants' motion should be denied.

### A.      Defendants' Rules 52(b) and 59(e) Motion Lacks Merit.

Defendants reference Rules 52(b) and 59(e) but provide no analysis. To prevail on a Rule 59(e) motion, the movant "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Instituto de Prevision Militar v. Lehman Bros.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007). Furthermore, "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). "This prohibition includes new arguments that were previously available, but not pressed." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009); *Colomar v. Mercy Hosp., Inc.*, 242 F.R.D. 671, 684 (S.D. Fla. 2007). It is thus "well-settled that motions for reconsideration are disfavored and that relief under Rule 59(e) is an extraordinary remedy to be employed sparingly." *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010). ("[T]o the extent Plaintiff merely reargues points previously considered and rejected by the Court, or tries to raise new arguments and point to new evidence that could have been raised earlier, this is insufficient grounds to satisfy the clear error or manifest injustice standard for granting a motion for reconsideration."). Here, Defendants cite to Rule 52(b) and 59(e), explaining that the Courts may reconsider their rulings based on "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357–58 (S.D. Fla. 2004).

However, Defendants fail to explain which of the three applies here. Given that neither the first nor the second are referenced, Plaintiffs must assume that Defendants believe that there is a need to correct "clear error" or to prevent manifest injustice. However, after citing several additional cases, Defendants' Motion for Reconsideration goes silent under Rule 52(b) and Rule 59(e), providing nothing more.  Accordingly, Defendants' motion should be denied under these Rules.

### B.    Defendants' Rule 60(b) Motion Also Fails.

Defendants also seek relief under on Rule 60(b) in its Motion for Reconsideration. "Rule 60(b) provides for relief from final judgments or orders in limited circumstances. One justification is newly discovered evidence that the movant could not have discovered earlier with due diligence. Fed. R. Civ. P. 60(b)(2). Another is fraud, misrepresentation, or misconduct by an opposing party. *Id.* at 60(b)(3). Yet another is proof that the judgment is void. *Id.* at 60(b)(4). And there is a catch-all provision, permitting relief for any other justifiable reason. *Id.* at 60(b)(6).[1]" *Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 230–31 (11th Cir. 2020) (unpublished decision). "Evidence that would not produce a new result cannot merit relief under Rule 60(b)(2)." *Id.* at 231 (citing *Willard v. Fairfield S. Co.*, 472 F.3d 817, 824 (11th Cir. 2006)). "Relief under Rule 60(b)(3) requires that the moving party prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct." *Id.* (citing *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000)). "Under Rule 60(b)(4), a judgment is void if the court that rendered it lacked subject matter jurisdiction, jurisdiction over the parties, if the court acted in a manner inconsistent with due process, or if the court was powerless to enter

---

[1] "Rule 60(b) motions are directed to the sound discretion of the district court," and the Eleventh Circuit "will set aside the denial of relief from such motion only for abuse of that discretion." *Conn. State Dental Ass'n v. Anthem Health Plans*, *Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009) (internal quotation marks omitted).

the judgment." *Id.* "And relief under Rule 60(b)(6) is an extraordinary remedy, invokable only in exceptional circumstances that, without relief, would cause extreme and unexpected hardship." *Id.* "As for a follow-up motion for reconsideration, the motion cannot be used to relitigate old matters or present arguments or evidence that the movant could have raised before the entry of judgment." *Id.*

Here, Defendants have not shown any exceptional circumstance under which the Court should change its rulings. More importantly, Defendants fail to concisely explain, now and in their past submissions, or point to any references to the evidence of record that would warrant the Court to change its rulings. Instead, Defendants continue to provide *rehashed* generalized arguments to the Court, which are far from "an adequate showing of exceptional circumstances."

Defendants' motion for reconsideration once again ignores and fails to address the Court's analysis on how they failed to meet the good cause standard required to seek leave to amend their counterclaims and instead continue to pass blame onto the Court. As the record reflects, Defendants have had multiple opportunities to raise their alternative theories of relief since the beginning of the case but have failed to do so and by their own admission have known about these proposed counterclaims since the inception of the case, but have failed to bring them as of at least March of this year. As the Court held in its Omnibus Report and Recommendation, "Defendants' proposed amended pleadings are problematic because, in addition to recycling much of the substance from their prior pleadings, Defendants inject a few new facts and theories of defense into this case at the eleventh hour. In our view, it is far too late in the game to introduce factual allegations that were not articulated prior to April 2024" and ruled that amendment would be futile. Defendants' decision to recycle, *rehash*, and repeat errors that caused their counterclaims to be dismissed, as well as some of their affirmative defenses to be stricken, despite the Court's

admonition, demonstrate Defendants disregard for the Court's rulings, as well as a pattern and practice of unnecessarily prejudicing the Plaintiffs.   Therefore, Defendants' motion for reconsideration under Rule 60(b) should be denied.

## III.    CONCLUSION

For the reasons stated above, this Court should deny Defendants' Motion for Reconsideration and/or Clarification [D.E. 239].

Dated: August 6, 2024                                      Respectfully submitted,

ROIG LAWYERS
201 S. Biscayne Blvd., 28th FL
Miami, FL 33131
Tel: (305) 405-0997
nbellido@roiglawyers.com
pleadings@roiglawyers.com

By: */s/Nelson C. Bellido*
        Nelson C. Bellido
        Fla. Bar. No. 974048

-    and    -

Avila Rodriguez Hernandez
Mena & Garro, LLP
2525 Ponce de Leon Blvd., 12th Floor
Coral Gables, Florida 33134
Tel: (786) 594-4100
wtrueba@avilalaw.com

By: */s/William R. Trueba, Jr.*
        William R. Trueba, Jr.
        Fla. Bar. No. 177544