UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-cv-23189-GAYLES/TORRES

**MCM ENTERTAINMENT, INC.**, *et al.*,

    Plaintiffs/Counter-Defendants,

v.

**DIAZ WORLD TRADE GROUP, INC.**, *et al.*,

    Defendant/Counter-Plaintiffs.
_____/

## ORDER

**THIS CAUSE** comes before the Court on the Defendants/Counter-Plaintiffs Diaz World Trade Group, Inc. and Marco Diaz's (the "Defendants") Motion for Reconsideration and/or Clarification and Incorporated Memorandum of Law (the "Motion"). [ECF No. 239]. The action was referred to Magistrate Judge Edwin Torres, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 118]. The Motion seeks reconsideration/clarification of the Court's Order adopting the Magistrate Judge's Report and Recommendations on the parties' cross motions for summary judgment. [ECF No. 235]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is **GRANTED**, in part, and **DENIED**, in part.

## BACKGROUND

On May 25, 2023, the Plaintiffs/Counter-Defendants MCM Entertainment, Inc., Maria Claudia Molina, and Lunamar Wellness Group, Inc. (the "Plaintiffs") filed an Amended Complaint for which Defendants subsequently answered and asserted sixteen affirmative defenses. [ECF Nos.

73, 74]. On June 21, 2023, Defendants filed their Second Amended Counterclaim asserting fifteen counterclaims (the "Counterclaims") against the Plaintiffs. [ECF No. 84]. On June 22, 2023, Plaintiffs filed a Motion to Dismiss and/or Strike Elements of Defendants' "Statement of Defenses" (the "Motion to Strike"). [ECF No. 86]. On July 11, 2023, Plaintiffs filed a Motion to Dismiss the Counterclaims. [ECF No. 89]. On November 17, 2023, while the Motions to Dismiss were still pending, the parties filed cross motions for summary judgment which addressed, in part, Defendants' Counterclaims and Affirmative Defenses. [ECF Nos. 138, 140]. On January 30, 2024, the Magistrate Judge issued a Report and Recommendation on Plaintiffs' Motion to Dismiss and Plaintiffs' Motion to Strike (the "Motion to Dismiss Report"), recommending that Defendants' Counterclaims be dismissed as shotgun pleadings and that certain Affirmative Defenses stricken.[1] [ECF No. 167]. Shortly thereafter, this Court adopted the Motion to Dismiss Report striking affirmative defenses 1, 4, 6, 7, 10, and 16 and dismissing the Counterclaims <u>without prejudice</u>.[2] *See* [ECF No. 182]. On March 4, 2024, Defendants moved for leave to file six amended counterclaims which largely reasserted a subset of the previously dismissed Counterclaims (the "Proposed Counterclaims")[3] and file thirteen Affirmative Defenses (the "Proposed Affirmative Defenses"), some of which were previously stricken. [ECF No. 191].

---

[1] The Report recommended that Affirmative Defenses 1, 4, and 7 be stricken because they amounted to nothing more than a denial of Plaintiffs' allegations. [ECF No. 167 at 6-9]. Affirmative Defenses 6 (estoppel, acquiescence, waiver, and/or unclean hands), 10 (conduct was justified), and 16 (fraudulent application of the marks) were stricken because they were insufficiently pled. The Magistrate Judge also found that the two counterclaims against Ms. Molina (breach of fiduciary duty and fraud in the inducement) failed to state a claim for which relief can be granted. [ECF No. 167].
[2] This was the first time the Court considered any version of Defendants' counterclaims. The original counterclaims were filed on October 27, 2022. [ECF No. 13]. A month later, Defendants filed amended counterclaims. [ECF No. 15]. Before the Court ruled on Plaintiff's motion to dismiss the amended counterclaims, [ECF No. 31], it granted Defendants' Motion to Amend their First Amended Counterclaim, [ECF Nos. 82, 84]. As noted above, the Second Amended Counterclaims were dismissed without prejudice; as such, they were not decided on the merits. [ECF Nos. 167, 182].
[3] The proposed Third Amended Counterclaim asserts claims for Breach of Implied Partnership, Breach of Joint Venture Agreement, Unjust Enrichment, Breach of Fiduciary Duty, Fraud in the Inducement, and Declaratory Relief. [ECF No 191-1].

On May 22, 2024, the Magistrate Judge issued a Report on the cross motions for summary judgment as well as Defendants' motion for leave to file their Proposed Counterclaims and Proposed Affirmative Defenses (the "Summary Judgment Report"). [ECF No. 208]. The Summary Judgment Report recommended that summary judgment be granted or denied as to several of the claims and affirmative defenses. In his Summary Judgment Report, the Magistrate Judge found, in part, that the Defendants' failed to show the existence of a legally cognizable implied partnership or joint venture between the parties. The Magistrate Judge noted that he did not address the summary judgment arguments regarding the Counterclaims "because the [counter]claims ha[d] already been dismissed and therefore the procedural posture of the case preclude[d] [him] from entertaining th[o]se arguments." [ECF No. 208 at 5]. The Magistrate Judge also granted partial summary judgment as to Affirmative Defenses 3 (Proposed Defense 5), 8 (Proposed Defense 7), 12 (Proposed Defense 10), 15 (Proposed Defense 13) and 16 (Proposed Defense 3). Given the quickly approaching trial date, the Magistrate Judge also recommended that Defendants' motion for leave to file their Proposed Counterclaims and Proposed Affirmative Defenses be denied.[4] He also found that amendment of the Counterclaims and Affirmative Defenses (as to Proposed Affirmative Defenses 2, 3, 4, and 10) would to be futile because they rely on the Defendants' failed implied entity theory. *See* [ECF No. 208 at 5, 40, 49]. This Court subsequently adopted these recommendations in its July 17, 2024, Order. [ECF No. 235]. Defendants then filed the instant motion seeking reconsideration and/or clarification of that Order. [ECF No. 239].

Broadly, the Motion seeks reconsideration of the judgment rendered on Defendants' Counterclaims and Affirmative Defenses. The Motion also argues that Counterclaims III, IV, and

---

[4] *See id.* at 2, 8, 46, 48 ("We then conclude by recommending whether, at this late stage of the case, Defendants should be granted leave to amend their pleadings for a third time. . . . Finally, we discuss why Defendants should not be granted leave to amend their defenses and counterclaims at this late stage of the case. . . . Trial is scheduled to commence in only a few months.") (emphasis added).

3

V of their Proposed Counterclaims are "alternative claims" whose disposition should not be affected by the Court granting summary judgment regarding an implied partnership. Defendants also argue that certain previously stricken affirmative defenses, corresponding (roughly) to Proposed Affirmative Defenses 1, 3, and 5 are similarly unaffected by the Court's finding as to an implied partnership.[5]

## LEGAL STANDARD

The Defendants' Motion once again employs the "kitchen sink" approach that has plagued much of the litigation in this case. The Motion seeks reconsideration under Rule 52, Rule 59, and/or Rule 60. In attempting to address all three bases for reconsideration, the Motion's analysis glosses over each Rule and fails to fully articulate the basis for reconsideration (or even clarification) under each Rule. In recognition of this deficiency, the Defendants' Reply attempts to clarify that under Rule 59(e) "they are moving for reconsideration to 'correct a clear error and prevent manifest injustice,' and, pursuant to Rule 60(b)(6), a catch-all provision that authorizes a court to grant relief from a judgment for any reason that justifies relief." [ECF No. 252]. The Court will nonetheless first briefly address the legal standard for reconsideration under each Rule and will then proceed to determine whether reconsideration (or clarification) is warranted for any of the Defendants' Counterclaims or Affirmative Defenses.

"The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion." *Pena v. United States Coast Guard Seventh Dist.*, No. 18-23188-Civ, 2019 WL 6210959, at *1 (S.D. Fla. Nov. 21, 2019) (citation omitted). "[R]econsideration of a previous order is an extraordinary remedy, to be employed sparingly." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004). "A motion for

---

[5] The Motion describes these affirmative defenses as: "consent and acquiescence," "fraudulent obtained trademarks (separate from issue of implied theories)," and "general ratification conduct by MCM/Molina for alleged breach of contract." [ECF No. 208 at 32].

4

reconsideration is not an appeal, and thus it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through—rightly or wrongly." *Siegmund v. Xuelian*, No. 12-62539, 2016 WL 3186004, at *1 (S.D. Fla. June 8, 2016) (citation omitted).

Federal Rule of Civil Procedure 52(b) provides that "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." "The purpose of this rule is to allow the court to correct plain errors of law or fact, or, in limited situations, to allow the parties to present newly discovered evidence, but not to allow the relitigation of old issues, a rehearing on the merits, or the presentation of new theories of the case." *Hanover Ins. Co. v. Dolly Trans Freight, Inc.*, No. 6:05-CV-576-Orl-19DAB, 2007 WL 170788, at *2 (M.D. Fla. Jan. 18, 2007).

The only grounds for granting a motion for reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), are (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct manifest errors of law or fact. *See Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146, 1151-52 (11th Cir. 2011); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Federal Rule of Civil Procedure 60 states that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justified relief." Fed. R. Civ. P. 60(b)(1), (6). The Eleventh Circuit Court of Appeals has noted that "'the law is well established that Rule 60(b)(6) affords relief from a final judgment <u>only under extraordinary circumstances</u>.'" *Erickson v. Confreda*, No. 1:18-CV-22211-UU, 2019 WL 13489632, at *1 (S.D. Fla. July 9, 2019) (quoting *High v. Zant*, 916 F.2d 1507, 1509 (11th Cir. 1990)).

ANALYSIS

The Court finds, as to the implied partnership counterclaims (Counterclaims I, II, and VI) and affirmative defenses (Affirmative Defenses 1, 4, 7, and 12), that the Motion "is nothing more than an attempt to relitigate the Court's previous order . . . ." *Guevara v. Padin*, No. 16-CV-23726, 2016 WL 10536989, at *1 (S.D. Fla. Nov. 30, 2016). The Defendants fail to identify new evidence, a change in the controlling law, or why reconsideration is needed to correct clear error or prevent manifest injustice. Instead, the Defendants simply disagree with the Court's conclusions. The arguments raised by the Motion were raised in the summary judgment briefing as well as in their objections to the Report. Therefore, Reconsideration is not proper here. *N.A.S. v. MORADA-Haute Furniture Boutique, LLC*, No. 1:20-CV-24676, 2022 WL 17583629, at *2 (S.D. Fla. July 26, 2022) ("Indeed, Plaintiff's Motion essentially regurgitates the arguments contained in her prior Objections with little to no variation and no explanation as to why she should be permitted a second bite at the apple. In short, Plaintiff merely seeks to relitigate matters adversely decided."); *Aranda v. Comm'r of Soc. Sec.*, No. 23-CV-23309, 2024 WL 3649867, at *2 (S.D. Fla. Aug. 5, 2024) ("If a motion for reconsideration merely submits previously rejected arguments, the motion should generally be denied.").

However, as to Proposed Counterclaims III, IV, and V (the Defendants' "alternative claims") and Proposed Affirmative Defenses 1, 8, 9, 11, and 12, the Court will grant Defendants' Motion for clarification. As the Motion correctly notes, at the time of the Summary Judgment Report, Defendants' Counterclaims had been previously dismissed <u>without prejudice</u>. Although Proposed Counterclaims III, IV, and V needlessly incorporate underlying facts regarding an implied partnership, the Court agrees that the disposition of those counterclaims is not dependent on the Court's finding that no implied partnership existed. The same is true for Proposed

6

Affirmative Defenses 1, 8, 9, 11, and 12.[6] Therefore, amendment of those three counterclaims and affirmative defenses is not futile. Although the Proposed Counterclaims and Proposed Affirmative Defenses were filed well after the deadline to amend claims, the Court finds good cause to permit the amendment because the Court (1) has only once issued a ruling on Defendants' counterclaims, (2) dismissed the counterclaims without prejudice, and (3) did not rule on the merits of the counterclaims or affirmative defenses because they were previously deemed shotgun pleadings or insufficiently pled. As the case is currently stayed and there is no impending trial, Plaintiffs will not suffer undue prejudice by allowing one final amendment.

## CONCLUSION

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants/Counter-Plaintiffs Motion for Reconsideration and/or Clarification is **GRANTED in part** and **DENIED in part**.

2. The Defendants/Counter-Plaintiffs' Motion for Leave to Amend Their Affirmative Defenses and Counterclaim [ECF No. 191] is GRANTED as to Proposed Affirmative Defenses 1, 8, 9, 11, and 12 and Counterclaims III, IV, and V.

3. The Motion for Reconsideration and/or Clarification [ECF No. 239] is otherwise **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of January, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[6] As the Summary Judgment Report notes, several of the Proposed Affirmative Defenses simply reallege verbatim the same Affirmative Defenses previously rejected by the Court. The Court agrees that amendment would be futile as to Proposed Affirmative Defenses 5, 6, 7, and 13. The remaining Proposed Affirmative Defenses (Nos. 2, 3, 4 and 10), as the Report notes, "rely, entirely on in part, on the existence of [an] alleged implied [partnership]." *See* [ECF No. 208 at 37 n.29].