## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-23189-CIV-GAYLES/TORRES

MCM ENTERTAINMENT, INC., *et al.*,

     *Plaintiffs*,

v.

DIAZ WORLD TRADE GROUP, INC., *et al.*,

     *Defendants*.

_____/

## REPORT AND RECOMMENDATION
## ON PLAINTIFFS' MOTION TO DISMISS DEFENDANTS'
## THIRD AMENDED COUNTERCLAIMS III, IV, AND V

Pending before the Court is Plaintiffs' Motion to Dismiss Defendants' Third

Amended Counterclaims III, IV, and V.  [D.E. 272].  The motion is fully briefed and

therefore ripe for disposition.  [D.E. 279]; [D.E. 282].  After careful consideration of

the motion, the record, the relevant authorities, and for the reasons discussed below,

we recommend Plaintiffs' motion to dismiss be **GRANTED in part and DENIED in**

**part**.[1]

## I.     BACKGROUND

This case stems from a sour business relationship that began in 2015.

Resultantly, the parties have thrown the proverbial kitchen sink at one another.  As

relevant here, on January 13, 2025, the Court granted in part Defendants' Motion for

_____

[1] The Honorable Darrin P. Gayles referred these and other motions to the undersigned for disposition or report and recommendation.  [D.E. 118].

Reconsideration [D.E. 239] and allowed Defendants leave to amend as to Proposed Affirmative Defenses 1, 8, 9, 11, and 12 and Counterclaims III, IV, and V.  [D.E. 260 at 7].   In so doing, the Court specifically "agree[d] that the disposition of [Counterclaims III, IV, and V] is not dependent on the Court's [earlier] finding that no implied partnership existed."  [D.E. 260 at 6].  Thus, "amendment of those three counterclaims . . . [was] not futile."  *Id.* at 7.  And, finally, now before us is Plaintiffs' Motion to Dismiss Defendants' Third Amended Counterclaims III, IV, and V.  [D.E. 272].

## II.    APPLICABLE PRINCIPLES AND LAW

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for failure to state a claim upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Conclusory statements, assertions, or labels will not survive a Rule 12(b)(6) motion to dismiss. *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*; *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard).  "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Twombly*, 550 U.S. at 555 (citation omitted).  Additionally:

> Although it must accept well-pled facts as true, the court is not required
> to accept a plaintiff's legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

*Sinaltrainal v. Coca-Cola*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449, 453 n.2 (2012). The Eleventh Circuit has endorsed a "two-pronged approach" in applying these principles: (1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal quotations omitted). All said, a motion to dismiss under Rule 12(b)(6) "is granted only when the movant demonstrates that the complaint has failed to include 'enough facts to state a claim to relief that is plausible on its face.'" *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016) (quoting *Bell Atl. Corp.*, 550 U.S. at 570).

### III.   ANALYSIS

Plaintiffs' motion to dismiss addresses Counterclaims III (unjust enrichment), IV (breach of fiduciary duties), and V (fraud in the inducement). [D.E. 272]; [D.E. 191-1 at 13–16]. We address each in turn.

3

### A.   *Counterclaim III – Unjust Enrichment*

Florida's unjust enrichment cause of action has three elements: "'(1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without first paying the value thereof to the plaintiff.'" *Agritrade, LP v. Quercia*, 253 So. 3d 28, 33 (Fla. Dist. Ct. App. 2017) (citing *Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla.*, 667 So. 2d 876, 879 (Fla. Dist. Ct. App. 1996)); *see Pincus v. Am. Traffic Sols., Inc.*, 986 F.3d 1305, 1311 n.8 (11th Cir. 2021), *certified question answered and remanded sub nom. Pincus v. Am. Traffic Sols., Inc.*, 333 So.3d 1905 (Fla. 2022).

Defendant Diaz World Trade Group, Inc. ("DWTG") levies this claim against Plaintiff MCM Entertainment, Inc.  [D.E. 191-1 at 13].  Further, Defendant DWTG alleges that, even if there were no joint venture/partnership, MCM Entertainment, Inc. was nonetheless conferred the benefit of many of the costs of doing business (e.g., rent; production; development).  *Id.* at 2–10, 13.  Those benefits were purportedly conferred directly from DWTG to MCM Entertainment, for which DWTG seeks restitution because it would be inequitable for MCM to retain those benefits without paying DWTG for their value.  These allegations would suffice to state a plausible unjust enrichment claim.  *See Pincus,* 333 So. 3d at 1097.  Though MCM argues that an unjust enrichment claim cannot lie given the parties' express contracts evidencing their mutual obligations, many cases have recognized that there is support in "allowing Plaintiffs to simultaneously plead claims for unjust enrichment and breach

4

of contract." *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 4248208, at *12 (S.D. Fla. Aug. 27, 2014) (citing *Real Estate Value Co., Inc. v. Carnival Corp.*, 92 So. 3d 255, 263 n.2 (Fla. Dist. Ct. App. 2012) ("Under Florida law, a party may simultaneously allege the existence of an express contract and alternatively plead a claim for unjust enrichment.")).

So on a motion to dismiss footing and putting aside the Court's findings on summary judgment re the joint venture/partnership claims, this unjust enrichment claim would be sufficiently pleaded, for now.  Thus, given the Court's Order on Defendants' motion for reconsideration, which concluded that "the disposition of [these] counterclaims is not dependent on the Court's finding that no implied partnership existed" [D.E. 260 at 6], we **RECOMMEND** against granting Plaintiff's motion to dismiss as to Counterclaim III.  The Court can then properly address Defendant DWTG's unjust enrichment counterclaim at summary judgment.

### B.   *Counterclaim IV – Breach of Fiduciary Duties*

"[T]o establish a breach of fiduciary duty under Florida law, a plaintiff must prove three elements: the existence of a fiduciary duty, a breach of that duty, and that the plaintiff's damages were proximately caused by the breach."  *Med. & Chiropractic Clinic, Inc. v. Oppenheim*, 981 F.3d 983, 990–91 (11th Cir. 2020) (citing *Gracey v. Eaker*, 837 So. 3d 348, 353 (Fla. 2002)).

Defendant Diaz levies this claim against Plaintiff Molina.  [D.E. 191-1 at 14]. Further, Diaz alleges that, even if there were no joint venture/partnership, he and Molina nonetheless had a business relationship that was such that they had a

fiduciary duty to one another.  *Id.* at 2–10, 14.  Molina violated those duties by, in effect, self-dealing through withholding ownership rights in their products to Diaz's detriment, and by seeking trademark protection in the Pelazo trademark without disclosing Diaz's joint ownership in the marks. [D.E. 191-1 ¶¶ 102-05].

On a motion to dismiss footing and putting aside the Court's findings on summary judgment re the joint venture/partnership claims, this fiduciary duty claim would be sufficiently pleaded.  Thus, given the Court's Order on Defendants' motion for reconsideration, which concluded that "the disposition of [these] counterclaims is not dependent on the Court's finding that no implied partnership existed" [D.E. 260 at 6], we **RECOMMEND** against granting Plaintiff's motion to dismiss as to Counterclaim IV.  The Court can then properly address Defendant Diaz' fiduciary duty counterclaim at summary judgment that takes into consideration the legal findings already made on other related claims in the case.

### C.   *Counterclaim V – Fraud in the Inducement*

"The elements of fraud in the inducement in Florida are: 1) that the defendant misrepresented a material fact, 2) that the defendant knew or should have known that the statement was false, 3) that the defendant intended the representation would induce the plaintiff to enter into a contract or a business relation; and 4) that the plaintiff was injured by acting in justifiable reliance on the misrepresentation." *Eclipse Med., Inc. v. am. Hydro-Surgical Instruments, Inc.*, 262 F. Supp. 2d 1334, 1341 n.1 (S.D. Fla. 1999), *aff'd sub nom. Eclipse Med., Inc. v. Am. Hydro-Surgical*, 235 F.3d 1344 (11th Cir. 2000).  "As this claim sounds in fraud, [Defendants] must

meet the heightened pleading standard of Rule 9(b) and must allege 'precisely what statements were made,' 'the time and place of each such statement and the person responsible for making [it],' the 'content of such statements and the manner in which they misled the plaintiff,' and 'what the [Plaintiff] obtained as a consequence of the fraud.'" *Francois v. Hatami*, 565 F. Supp. 3d 1259, 1267 (S.D. Fla. 2021) (citing *Durden v. Citicorp Trust Bank*, No. 3:07-cv-974-J-33JRK, 2008 WL 2098040, at *13–14 (M.D. Fla. May 16, 2008)).  Additionally, and important here, Defendants "'cannot justifiably rely on representations that explicitly contradict provisions in a subsequently drafted contract.'"  *Id.* at 1267–268 (citing *Colite Int'l v. Robert L. Lipton, Inc.*, No. 05-60046-Civ, 2006 WL 8431505, at *12 (S.D. Fla. Jan. 20, 2006)).

Here, Defendants levy this claim against Defendant Molina, claiming that Defendant Molina fraudulently misrepresented the nature of certain agreements as relative to the parties' alleged growing relationship and then subsequently filed for trademark protection with the USPTO as if she were the sole owner of the trademarks (which Defendants contest).  [D.E. 191-1 at 15–16].  But, in so alleging, Defendants never actually state "precisely what statements were made," or, for that matter, "the time and place of each such statement."  *Francois*, 565 F. Supp. 3d at 1267 (internal citations omitted).  Defendants generally allege that Plaintiff Molina, "prior to the execution of each of the [2018 Body Treatment/Cream Agreement and 2019 Protein/BCAA Agreement],[] represented that the agreements were not in fact licensing agreements, but instead evidenced the growing partnership between the parties."  [D.E. 191 at 16].  Under the heightened pleading standard of Federal Rule

of Civil Procedure 9(b), these vague and non-specific allegations are grossly insufficient. *See Francois*, 565 F. Supp. 3d at 1267 ("Francois only alleges vague statements 'as to the vessel[']s condition, the operability of its engines, the title to the vessel, the work which the Defendant Hatami agreed to undertake in order to make the vessel sea-worthy, and his intentions to deliver the vessel in working order and good condition.' . . . These contentions fail to allege 'precisely' the 'content' of the statements that the Plaintiff alleges were made.") (alteration in original).

Further, a quick review of the 2018 [D.E. 1-9] and 2019 [D.E. 1-10] agreements clearly indicates—from the first words in the agreement—that they are "RETAIL MERCHANDISING LICENSE AGREEMENT[S]." [D.E. 1-9] (capitalization in original); [D.E. 1-10] (capitalization in original). Again, Defendants "'cannot justifiably rely on representations that explicitly contradict provisions in a subsequently drafted contract'" as they appear to allege here. *Francois*, 565 F. Supp. 3d at 1267–268 (citing *Colite Int'l*, 2006 WL 8431505, at *12); [D.E. 191-1 at 16] ("MOLINA represented that the agreements were not in fact licensing agreements, but instead evidenced the growing partnership between the parties[.]"). As the Eleventh Circuit has recognized, "Florida law consistently recognizes that 'a basic tenet of contract law that reliance on representations by a contracting party in a suit based on the contract is unreasonable where the representations are not contained in the subsequent written agreement between the parties.' . . . Applying Florida law, courts have held that parties could not rely justifiably on representations that explicitly contradicted provisions of the contract. . . . Courts have also held that a

party could not rely justifiably on representations not contained in the contract where the party helped draft the agreement and relinquished opportunities to reduce the representations to writing." *SEB S.A. v. Sunbeam Corp.*, 148 F. App'x 774, 798 (11th Cir. 2005) (citing and quoting *Johnson Enters. of Jacksonville, Inc., v. FPL Group, Inc.,* 162 F.3d 1290, 1315 (11th Cir. 1998); *Barnes v. Burger King Corp.,* 932 F. Supp. 1420, 1428 (S.D. Fla. 1996)).

As things now stand this fraud claim is premised on, at best, statements of intent or opinion that Diaz and DWTG purportedly relied on to enter into these licensing agreements with Molina.  But it is a basic hornbook principle under Florida law that a defendant must have made a false statement of material fact. *Silver v. Countrywide Home Loans, Inc.*, 760 F. Supp. 2d 1330, 1342–43 (S.D. Fla. 2011), *aff'd*, 483 F. App'x 568 (11th Cir. 2012).  A plaintiff may not maintain an action for fraud based on misrepresentations that were in the form of opinions. *Id.* (statements by defendant to plaintiff that "the loan was a good deal for her" and that the value of her home would continue to rise were not actionable fraud but statements of opinion and projections about future events), *Temurian v. Piccolo*, No. 18-CV-62737, 2019 WL 1763022, at *5 (S.D. Fla. Apr. 22, 2019) (statements by defendant that software developers were trustworthy and legitimate were statements of opinion, and therefore not actionable), *reconsideration denied*, No. 18-CV-62737, 2019 WL 2491781 (S.D. Fla. June 14, 2019).

In other words, the first essential element of a fraud claim requires that the false statement concern a past or existing fact, not merely an opinion. *Azar v. Nat'l*

9

*City Bank,* No. 09–1652, 2010 WL 2381049, at *3 (11th Cir. Jun.15, 2010) (citing *Mejia v. Jurich,* 781 So. 2d 1175, 1177 (Fla. 3d DCA 2001)).  At least as between parties engaging in an arms-length transaction, only a lie about a past or existing fact can ever be relied upon to amount to a fraud.  Here, these amorphous allegations appear to be seeking to assert a fraud claim, based on the counter-plaintiffs' reliance and injuries stemming from Molina's opinion that the effect of these documents was more than met the eye.  That cannot possibly give rise to a fraud cause of action under Florida law.

The only allegations in this amended counterclaim that are purportedly the false representations that "induced" them relate to Molina's statement to Diaz and DWTG that the agreements she was entering into with them were also "evidence" of a "growing partnership" (i.e. more than what they seemed).  But that type of characterization is a classic statement of opinion on her part – that in her opinion there was something more valuable to Diaz and DWTG in entering into the agreements – as well as a statement of her good faith.  But neither of these statements constitute actionable representations for fraud, especially given the terms and provisions of the very licensing agreements that they entered into. *See also Hillcrest Pacific Corp. v. Yamamura,* 727 So. 2d 1053, 1056 (Fla. 4th DCA 1999) ("Although Pacific alleges that the appellees misrepresented the 'price' of the Property, the price is clearly stated in the Agreement. . . . *A party cannot recover in fraud for alleged oral misrepresentations that are adequately covered or expressly contradicted in a later written contract. See Englezios v. Batmasian,* 593 So. 2d 1077 (Fla. 4th DCA 1992);

*Greenwald v. Food Fair Stores Corp.,* 100 So. 2d 200 (Fla. 3rd DCA 1958) (emphasis supplied in original).

For these reasons, we **RECOMMEND** that Plaintiffs' motion to dismiss be granted as to Counterclaim V, fraud in the inducement, as Defendants have failed to meet the pleading standard of Rule 9(b).

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion to dismiss should be **GRANTED in part and DENIED in part**.   Accordingly, Counterclaims III and IV should survive Plaintiffs' motion to dismiss, while Counterclaim V should not.  And given the very late hour in this case, which includes a deadline for amendment of pleadings that expired years ago, the case should proceed on the counterclaims that now survive in the case but with no further amendments.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, to the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. §636(b)(1); 11th Cir. R. 3-1; *see, e.g.*, *Patton v. Rowell*, 678 F. App'x 898 (11th Cir. 2017); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767 (11th Cir. 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 29th day of

July, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge